# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Hardeway** | **Case No. 6:18-cv-01620** |
| **Versus** | **Judge Robert J. Summerhays** |
| **Javonie Colonagosta et al** | **Magistrate Judge Carol B. Whitehurst** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Dismiss filed by Defendant, James P. Doherty, Jr. ("Judge Doherty") [Rec. Doc. 12] and a Memorandum in Opposition filed by pro se Plaintiff, Joshua Francis Hardeway [Rec. Doc. 16].

Hardeway filed this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (3) contending that his "federally protected rights are being violated" by Judge Doherty and three (3) other named defendants. The only allegation against Judge Doherty is that a process server served Plaintiff with a Notice of Judgment executed by Judge Doherty. He contends Judge Doherty was "acting in an administrative capacity and practicing law from the bench." It is undisputed that Judge Doherty is a State District Judge of the Twenty-seventh Judicial District Court, St. Landry Parish, State of Louisiana.

Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff's claim against Judge Doherty arises exclusively from the execution of a judicial function and should thus be dismissed.

Accordingly, **IT IS RECOMMENDED** that the Motion To Dismiss filed by Defendant, James P. Doherty, Jr [Rec. Doc. 12] be **GRANTED** and Plaintiff, Joshua Francis Hardeway's, claim against him be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** this 22nd day of August, 2019, in Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE