UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOSHUA FRANCIS HARDEWAY** | **CASE NO. 6:18-CV-01620** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **JAVONIE COLONAGOSTA, ET AL.** | **MAG. JUDGE WHITEHURST** |

## RULING

Before the Court is a Motion for Entry of Default and for Default Judgment filed by pro se Plaintiff, Joshua Hardeway. [ECF No. 21]. Pursuant to his motion Plaintiff seeks the foregoing relief against the following Defendants: Javonie Colonagosta, Charles Jagneaux, James P. Doherty, Jr., and Angela Doucet. *Id.* As to the latter three Defendants, the motion is DENIED AS MOOT.[1] As to Javonie Colongosta, the motion for entry of default is DENIED AS MOOT[2], and the motion for default judgment is DENIED.

Plaintiff filed this suit alleging his "federally protected rights are being violated and denied by defendants." [ECF No. 1 at 1]. According to the Complaint, on September 7, 2018, Plaintiff was served with a Notice of Judgment "from the defendants: Angela Doucet, Charles Jagneaux, and James P. Doherty Jr. on behalf of codefendant Jovonie Colonagosta, . . . that she is volunteering and promising the State of Louisiana that I will pay for her debt

---

[1] Jagneaux and Doucet filed an answer prior to submission of Plaintiff's motion. [ECF No. 5]. Judge Doherty filed a motion to dismiss (which was subsequently granted) prior to submission of Plaintiff's Motion. [ECF Nos. 12, 37].

[2] The Clerk of Court issued a Notice of Entry of Default against Colonagosta prior to the filing of Plaintiff's motion. [ECF No. 10].

. . . ."[3] *Id.* at 2-3. Plaintiff further contends Colonagosta forged his signature, and that the State of Louisiana is "threatening and coercing [him] with jail time for asserting [his] constitutional rights." *Id.* at 4. He seeks a judgment against defendants "for $300,000.00, or judicial and or employee insurance bonds, plus interest and costs, if not prison time." *Id.* at 5.

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir.1989) (footnotes omitted). "A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Alexander v. Trump*, 753 Fed.Appx. 201, 208 (5th Cir.2018) (quoting *Nishimatsu Constr. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."

---

[3] It appears Plaintiff was ordered by the State of Louisiana to pay child support to Defendant Colonagosta. [ECF No. 3 at 17-18; ECF No. 1 at 3].

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

"Private individuals generally are not considered to act under color of law, but private action may be deemed state action when the defendant's conduct is fairly attributable to the State." *Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir.2017) (internal quotation marks and citations omitted). To establish fair attribution, a plaintiff must show: "(1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor." *Id.* (quoting *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004)). "It is well-established that '[a] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.'" *Id.* at 353 (quoting *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988)).

In this matter, Plaintiff has set forth no allegations indicating Colonagosta "may fairly be said to be a state actor," and as such, he has failed to state a claim against her for a violation of his federally guaranteed rights.[4] As Plaintiff has not shown a sufficient basis

---

[4] To the extent Plaintiff asserts tort claims arising under state law against Colonagosta, he has not shown this Court has jurisdiction over such claims. *See* ECF No. 1 at 1-2 (asserting state law tort claims against a non-diverse defendant).

in the pleadings warranting judgment in his favor, the motion for default judgment [ECF No. 21] is DENIED. Within thirty (30) days, Plaintiff must amend his complaint with allegations sufficient to state a claim against Colonagosta under section 1983, or his claim asserted against Colonagosta will be dismissed.

      THUS DONE in Chambers on this 29th day of June, 2020.

 

                                      **ROBERT R. SUMMERHAYS**
                                  **UNITED STATES DISTRICT JUDGE**